Roland VIRE and Joseph A. Vire

v.

Albert W. NADEAU.

Supreme Judicial Court of Maine.

July 27, 1970.

Charles W. Smith, Saco, for plaintiffs.

Mahoney, Desmond, Robinson & Mahoney, by James R. Desmond, and Lawrence P. Mahoney, Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE and POMEROY, JJ.

PER CURIAM.

Joseph A. Vire, a painter in the employ of Albert W. Nadeau, died from an "injury by accident arising out of and in the course of his employment." The petitioner Roland Vire, brother of the deceased employee, seeks compensation as a dependent only partly dependent upon his brother. From the denial of his claim, Roland Vire appeals. Workmen's Compensation Act, 39 M.R.S.A. § 2 (Definitions), ¶ 4 (Dependents); § 51 (Entitlement to compensation and services generally); § 58 (Death benefits; apportionment).

The Commission of its decree said, in part:

"Reviewing the evidence as presented, it is noted that the decedent went to live with his brother in April 1965 and, in return for his board and room, paid his brother $15.00 per week. In addition, the claimant alleges that the deceased contributed an average of $10.00 per week in the way of food, clothing for his two children and, on occasion, rent. The petitioner maintains that these latter payments were continued even through the short period that the decedent was married. A wage schedule indicates that Alfred J. Vire, also known as Joseph A. Vire, earned $1609.20 as wages for the year prior to his death. During this same period, the claimant earned a total of $3014.59. If we are to give credence to the testimony presented, during this period, the deceased employee contributed an average of $10.00 per week for food, clothing and rent along with board and room of $15.00 per week for a total of $1300.00. Though the claimant maintained that the decedent earned between $9.00 and $12.00 a week doing odd jobs brother Philip Vire, testified that the decedent hardly worked during the winter as he was a painter.

"On the basis of the evidence produced, we are unable to find as a fact that Roland Vire was dependent on the earnings of his deceased brother to entitle him to dependency benefits under the Workmens Compensation Act."

From the language of the decree we are uncertain whether the Commission found that the petitioner received $10 a week support but was not thereby, under the circumstances, a "dependent" within the Act, or that such payments were not in fact made by the deceased brother.

To the end that we may have before us more precisely the grounds of the decree, we remand the case to the Commission to find the underlying facts based upon specific findings, and to enter a new decree on the same record.

The entry will be

Remanded for action consistent with this opinion.